UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| ALAN LEE DEL VECCHIO,<br><br>Petitioner,<br><br>v.<br><br>STATE OF MINNESOTA,<br><br>Respondent. | Civil File No. 08-739 (JNE/JSM)<br><br>**REPORT AND RECOMMENDATION** |

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254. (Docket No. 1.) The case has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that the petition for writ of habeas corpus be SUMMARILY DISMISSED pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

**I.   BACKGROUND**

In 2005, Petitioner was convicted in the state district court for St. Louis County, on multiple charges of criminal sexual conduct. He was sentenced to 144 months in prison, and he is presently serving his sentence at the Prairie Correctional Facility in Appleton, Minnesota.

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Following his conviction, Petitioner filed a direct appeal that presented several grounds for relief.  The Minnesota Court of Appeals rejected all of Petitioner's claims on the merits.  State v. Del Vecchio, No. A05-2013 (Minn.App. 2006), 2006 WL 3593005 (unpublished opinion).  On February 20, 2007, the Minnesota Supreme Court denied Petitioner's application for further review of his conviction and sentence.  Id.

Petitioner's current habeas corpus petition was filed on August 8, 2007.  This petition lists seven grounds for relief:

(1) the evidence presented at trial was not sufficient to support Petitioner's conviction;

(2) the trial court erroneously allowed an expert witness to "vouch for" the victim's credibility;

(3) the trial court should have granted a mistrial based on "leading and confusing questions" that the prosecution posed to a witness;

(4) "newly discovered evidence;"

(5) "ineffective assistance of counsel;"

(6) denial of a "fast and speedy trial;" and

(7) "prosecutorial misconduct."

The Court finds that none of Petitioner's current habeas corpus claims can be entertained at this time, because he has not exhausted his state court remedies.

**II.   DISCUSSION**

   **A.   Exhaustion of State Court Remedies Requirement**

It is well established that a federal court will not entertain a petition for a writ of habeas corpus on behalf of a state prisoner unless the prisoner has first exhausted all available state court remedies. 28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 526 U.S. 838,

2

842 (1999); Rose v. Lundy, 455 U.S. 509 (1982).  This exhaustion of state remedies requirement is based on the principles of comity and federalism; its purpose is to ensure that state courts are given the first opportunity to correct alleged federal constitutional errors raised by state prisoners.  O'Sullivan, 526 U.S. at 844; Rose, 455 U.S. at 518-19; Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam).

"Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts,... state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  O'Sullivan, 526 U.S. at 845 (emphasis added).  Therefore, to exhaust his state court remedies, a prisoner must fairly present his federal constitutional claims to the highest available state court, (in Minnesota, the State Supreme Court), before seeking relief in federal court.

Furthermore, a habeas petitioner must exhaust his state court remedies with respect to all of the claims that he wishes to raise in a federal habeas corpus petition.  A "mixed petition" -- i.e., one that includes both exhausted and unexhausted claims -- must be dismissed for non-exhaustion.  Rose, 455 U.S. at 510, 522.

In this case, Petitioner candidly concedes that four of his current claims for relief – namely Ground Four, Five, Six and Seven of his petition – have not been fairly presented to, or addressed on the merits by, the Minnesota Supreme Court.  (Petition, [Docket No. 1], p. 10, § 13.)  Therefore, Petitioner's current application for habeas corpus relief is clearly a mixed petition – i.e., a petition that includes unexhausted claims.  Petitioner's current mixed petition cannot be entertained in federal court.

**B.     Request for "Stay and Abeyance"**

Petitioner has filed a "Memorandum" in support of his habeas corpus petition, (Docket No. 3), which includes an unexplained and unsupported request for "a stay and abeyance" pursuant to the Supreme Court's decision in Rhines v. Weber, 544 U.S. 269 (2005). In Rhines, the Court held that, under certain narrowly prescribed circumstances, federal courts can stay, rather than dismiss, a mixed habeas corpus petition. The Court recognized that "stay-and-abeyance" might be appropriate in certain cases where the outright dismissal of a mixed petition could cause a prisoner to lose his opportunity for federal habeas review of his unexhausted claims, because of the one-year statute of limitations that applies to federal habeas petitions. 28 U.S.C. § 2244(d). A stay might be appropriate, the Court held, where the statute of limitations had not expired before the prisoner filed his federal habeas petition, but the statute expired before the federal district court found the petition to be a "mixed" one. In such a situation, the prisoner's unexhausted claims could be preserved for future federal court review, if the habeas case were stayed, (rather than dismissed), while the prisoner returned to state court and attempted to exhaust his previously unexhausted claims.

As the Court explained in Rhines –

> "Under this procedure, rather than dismiss the mixed petition pursuant to [Rose v.] Lundy, a district court might stay the petition and hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims. Once the petitioner exhausts his state remedies, the district court will lift the stay and allow the petitioner to proceed in federal court."

Rhines, 544 U.S. at 275-76.

However, the "stay and abeyance" procedure authorized by Rhines is not applicable to every habeas petition that contains an unexhausted claim. The Supreme Court has

4

emphasized that:

> "[S]tay and abeyance should be available <u>only in limited circumstances</u>. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless."

<u>Id</u>. at 277 (emphasis added).

In the present case, Petitioner presumably is seeking a <u>Rhines</u> stay-and-abeyance order, because he fears that without such an order, the one-year habeas statute of limitations will prevent him from ever seeking federal habeas review of his currently unexhausted claims. Petitioner apparently believes that the one-year statute of limitations has expired already, or will expire before he has an opportunity to exhaust his state court remedies for his currently unexhausted claims. However, the statute of limitations did not begin to run in this case until the expiration of the deadline for seeking certiorari review in the United States Supreme Court, (following the state court proceedings on Petitioner's direct appeal). <u>See</u> <u>Smith v. Bowersox</u>, 159 F.3d 345 (8th Cir. 1998) (state criminal convictions not final for statute of limitations purposes until the deadline for seeking certiorari has expired), <u>cert</u>. <u>denied</u>, 525 U.S. 1187 (1999). Certiorari petitions must be filed within 90 days after a final adjudication by a state's highest court. Sup. Ct. R. 13.1. Thus, for purposes of § 2244(d)(1)(A), it appears that Petitioner's judgment of conviction did not become "final," and the one-year federal habeas statute of limitations did not begin to run, until on or about May 21, 2007 -- 90 days after the Minnesota Supreme Court upheld Petitioner's conviction and sentence on direct appeal, on February 20, 2007. This would mean that the statute of limitations would not expire in this case until on or about May 21,

5

2008.

Furthermore, the statute of limitations is tolled, (i.e., the statute stops running), while post-conviction proceedings are pending in the state courts.  28 U.S.C. § 2244(d)(2). Therefore, if Petitioner were to promptly pursue his unexhausted claims in a state post-conviction motion, he should still be able to file a new habeas corpus petition before the statute of limitations expires.  Simply put, it does not appear that Petitioner actually needs to have this action stayed while he exhausts his state court remedies.  He should still be able to file a timely federal habeas corpus petition, (if necessary), after exhausting his state court remedies in a state post-conviction motion.[2]

Furthermore, even if Petitioner had a more valid statute of limitations concern, he still would not be entitled to a stay-and-abeyance order in this case, because he has not satisfied the Rhines "good cause" requirement.  As previously noted, Petitioner's request for "a stay and abeyance" is wholly unexplained and wholly unsupported.  He has not even attempted to provide a valid reason for his failure to exhaust his state court remedies before filing his current federal habeas corpus petition.  Thus, the Court finds that Petitioner has not satisfied the Rhines "good cause" requirement for granting a stay in a habeas case.

---

[2]   Petitioner should bear in mind that the exhaustion requirement will not be satisfied unless he fairly presents all of his federal constitutional claims to the highest available state court, i.e., the Minnesota Supreme Court.  He is also reminded that even with the benefit of the tolling provided by § 2244(d)(2), he still will have to act promptly if he intends to seek federal habeas review in a future petition.  The one-year statute of limitations is running even now, (see Duncan v. Walker, 533 U.S. 167, 172 (2001) ("a properly filed federal habeas petition does not toll the limitation period," [emphasis added]), and although the statute will be tolled during any state post-conviction proceedings that Petitioner may pursue, the statute will begin to run again as soon as any such proceedings are complete.  Again, the statute of limitations is tolled only while post-conviction proceedings are still pending in the state courts.  Lawrence v. Florida, 127 S.Ct. 1079, 1082 (2007); Mills v. Norris, 187 F.3d 881, 883-84 (8th Cir. 1999).

In sum, the Court acknowledges Petitioner's apparent concerns about his ability to seek federal habeas review of all of his claims in a timely manner. However, a Rhines stay-and-abeyance order is not available here, for the reasons discussed above. The Court will therefore recommend that Petitioner's request for a stay be denied.

### III.   CONCLUSION

Because mixed habeas petitions cannot be entertained in federal court, (Rose, 455 U.S. at 510, 522), the Court will recommend that this action be summarily dismissed pursuant to Rule 4 of the Governing Rules. It will be recommended that the action be dismissed without prejudice, however, so that Petitioner can return to the state courts and attempt to exhaust his currently unexhausted claims. Petitioner may seek federal habeas review again, (if necessary), after the state courts, including the Minnesota Supreme Court, have reviewed and decided all of the claims that he seeks to present in federal court. See Kelly v. Trickey, 844 F.2d 557, 559 (8th Cir. 1988). (Needless to say, however, federal habeas review will be available in the future only if Petitioner files a timely new petition.)

Finally, the Court recognizes that a state prisoner who files a mixed habeas petition can elect to abandon his unexhausted claims, and proceed with an amended petition that includes only his fully exhausted claims. Jackson v. Domire, 180 F.3d 919, 920 (8th Cir. 1999) (per curiam); Victor v. Hopkins, 90 F.3d 276, 282 (8th Cir. 1996), cert. denied, 519 U.S. 1153 (1997). If Petitioner wants to exercise that option here, he should file an entirely new amended petition that includes only his fully exhausted claims, and he should do so before the deadline for filing objections to this Report and Recommendation. If Petitioner does not file such an amended petition before that deadline, it is the Court's recommendation that Petitioner be deemed to have waived the option to amend, and that the action then be summarily dismissed without prejudice. Petitioner should note that if he

7

does file an amended petition that includes only his fully exhausted claims, he probably will be barred from raising any other claims in any future (successive) federal habeas petition. See 28 U.S.C. § 2244(b)(2).

Having determined that this action should be summarily dismissed due to non-exhaustion, the Court will further recommend that Petitioner's application to proceed in forma pauperis, ("IFP"), be summarily denied. See 28 U.S.C. § 1915(e)(2)(B)(ii); see also, Kruger v. Erickson, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996) (per curiam) (IFP application should be denied where habeas petition cannot be entertained).

## IV. RECOMMENDATION

Based upon the foregoing and all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT**:

1. Petitioner's application for a writ of habeas corpus, (Docket No. 1), be summarily **DISMISSED WITHOUT PREJUDICE**, unless, before the deadline for filing objections to this Report and Recommendation, Petitioner files an entirely new amended habeas corpus petition listing only fully exhausted claims;

2. Petitioner's application to proceed in forma pauperis, (Docket No. 2), be **DENIED**; and

3. Petitioner's request for "a stay and abeyance" be **DENIED**.

Dated: March 25, 2008

                                              *s/ Janie S. Mayeron*
                                              JANIE S. MAYERON
                                              United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by April 11, 2008, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture

of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under this rule shall be limited to 3500 words.  A judge shall make a de novo determination of those portions of the Report to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.